**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

v.                                                          No. 2:25-cr-2581-MIS

TIMOTEO SANTIZO-PEREZ,

     Defendant.

## ORDER DISMISSING COUNTS 2 AND 3 OF THE INFORMATION WITH PREJUDICE

THIS MATTER is before the Court on the Government's Response, ECF No. 13, to the Court's Order to Show Cause, *see* ECF No. 12 (Order). Upon due consideration of the Parties' submissions, the record, and the relevant law, the Court will **DISMISS WITH PREJUDICE** Counts 2 and 3 of the Information pursuant to the demands of the Speedy Trial Act, 18 U.S.C. §§ 3161-3174 (Act).

## I.    RELEVANT BACKGROUND

Defendant was charged via Information on July 11, 2025 with three misdemeanors: Illegal Entry Without Inspection in violation of 18 U.S.C. § 1325; Penalty for Violation of Security Regulations in violation of 50 U.S.C. § 797, a Class A misdemeanor; and Entering Military Property in violation of 18 U.S.C. § 1382. ECF No. 5. The same day, the Honorable Damian L. Martinez, United States Magistrate Judge for the District of New Mexico, held an arraignment, detention, and plea hearing. ECF No. 6. Defendant pleaded guilty to Count 1, Illegal Entry Without Inspection, and not guilty to Counts 2 and 3. *Id.* Judge Martinez sentenced Defendant to time served as to Count 1, released Defendant on his own recognizance, and indicated the remaining charges would be severed. *Id.*; ECF No. 9.

1

On July 14, 2025, Judge Martinez severed Count 1 from the remaining Counts 2 and 3, and Judgment on Count 1 was entered. ECF Nos. 8, 10. This case was then reassigned to the Undersigned. ECF No. 11.

From the date the Counts were severed the Government had a limited number of days to bring the remaining charges to trial without violating the Speedy Trial Act. The Government did not act to move the case forward and on September 23, 2025, the Undersigned ordered the Government to show cause as to why this matter should not be dismissed with prejudice for a violation of the Speedy Trial Act because Defendant was entitled to trial beginning no later than September 22, 2025. ECF No. 12. In its Response, the Government stated that it "does not oppose the Court dismissing this matter with prejudice." ECF No. 13. For the reasons set forth below, and given the Government's assent, the Court dismisses the Information with prejudice.

## II.    LEGAL STANDARD

"The Speedy Trial Act is designed to protect a criminal defendant's constitutional right to a speedy trial and serve the public interest in bringing prompt criminal proceedings." *United States v. Thompson*, 524 F.3d 1126, 1131 (10th Cir. 2008). Courts share in the government's "responsibility to protect the speedy trial rights of both the defendant and society." *United States v. Saltzman*, 984 F.2d 1087, 1091 (10th Cir. 1993). In all cases "in which a plea of not guilty is entered," under the Speedy Trial Act, a defendant's trial is required to start "within seventy days" from the filing of the information or the defendant's initial appearance, whichever occurs last. 18 U.S.C. § 3161(c)(1). For an array of reasons, including "delay resulting from a continuance granted by any judge . . . on the basis of [the judge's] findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial[,]" time may be excluded from the computation of the seventy-day trial-commencement requirement. *Id.* §

3161(h)(7)(A). *See generally id.* § 3161(h) (listing the periods of delay that are to be excluded in computing the time for the commencement of trial).

When more than seventy non-excluded days have passed, the Speedy Trial Act requires the dismissal of an information on the defendant's motion. *See* 18 U.S.C. § 3162(a)(2). However, a district court of its own accord may dismiss an action for violation of the Speedy Trial Act. *Cf. Saltzman*, 984 F.2d at 1089-92, 1095 (affirming the district court's *sua sponte* dismissal of the information filed against defendant for a Speedy Trial Act violation caused by the government's delay in charging the defendant, but reversing on the basis that the totality of the factors considered required dismissal without prejudice, not with prejudice); *United States v. Johnson*, 120 F.3d 1107, 1110-12 (10th Cir. 1997) (concluding charges must be dismissed because defendant's Speedy Trial Act rights were violated when trial commenced outside the seventy-day period and contemporaneous findings supporting an ends-of-justice continuance were not made and remanding "to the trial court to assess whether the dismissal should be with or without prejudice"); *United States v. Gonzales*, 137 F.3d 1431, 1435-36 (10th Cir. 1998) (remanding to the district court to assess whether dismissal of defendant's charges "should be with or without prejudice" after concluding defendant's Speedy Trial Act rights were violated thereby requiring dismissal of the charging instrument); *see also, e.g.*, *United States v. Spagnuolo*, 469 F.3d 39, 41 n.1 (1st Cir. 2006) ("We do not suggest that the district court may not raise the issue *sua sponte* and resolve it after notice and opportunity to be heard."); *United States v. Lowery*, 21 F. Supp. 2d 648, 649 (E.D. Tex. 1998) (noting that "[d]ue to an unintentional mix-up," defendant's Speedy Trial Act rights had been violated and "[s]ua sponte the court is required to dismiss the indictment" with the court needing only to consider whether the dismissal be with or without prejudice). The Speedy Trial

Act delineates no preference for a particular form of dismissal and rather commits the matter to the sound discretion of the district court. *United States v. Taylor*, 487 U.S. 326, 335 (1988).

Courts are to consider three nonexclusive factors in determining whether a dismissal for Speedy Trial Act violations should be with or without prejudice: (1) seriousness of the offense; (2) facts and circumstances leading to dismissal; and (3) impact of reprosecution on the administration of the Speedy Trial Act and on the administration of justice. 18 U.S.C. § 3162(a)(2). "Prejudice to the defendant is among the 'other' factors the text of § 3162 directs the district court to consider." *United States v. Abdush-Shakur*, 465 F.3d 458, 462 (10th Cir. 2006) (citing *Taylor*, 487 U.S. at 334). A district court generally should dismiss charges without prejudice under Section 3162(a)(2) absent a showing of "appreciable prejudice" to the defendant. *United States v. Rushin*, 642 F.3d 1299, 1304 (10th Cir. 2011). A delay that "is extended and attributable to 'intentional dilatory conduct, or a pattern of neglect on the part of the Government'" may be dismissed with prejudice. *Id.* (quoting *Saltzman*, 984 F.2d at 1093).

## III.    DISCUSSION

Defendant was charged on July 11, 2025. ECF No. 5. Counted strictly from that date, the seventy days to proceed to trial elapsed on September 19, 2025. The time between the Notice of Hearing on Defendant's intent to change his plea, and the actual occurrence of the hearing, may be excludable time under Section 3161(h). If so, the time to proceed to trial elapsed on September 22, 2025. Either way, the deadline to bring these counts to trial has passed, constituting a violation of the Speedy Trial Act and therefore the only question remaining is whether the remaining Counts of the Information are to be dismissed with or without prejudice. *See Johnson*, 120 F.3d at 1111-12 (remanding to the district court to assess whether the dismissal of the charging document should

be with or without prejudice after concluding the defendant's Speedy Trial Act rights were violated when trial occurred past the seventy-day period).

## A.    The Severity of the Crime Weighs in Favor of Dismissal with Prejudice

When considering the first Section 3162(a)(2) factor, the district court must only consider "whether the charged offenses are serious" and it may do so "by considering the length of sentence Congress has adopted for that offense." *United States v. Koerber*, 813 F.3d 1262, 1276-77 (10th Cir. 2016).

The charges against Defendant are misdemeanor crimes that amount to trespasses on Government property. *See* 50 U.S.C. § 797; 18 U.S.C. § 1382; *see also United States v. Lopez-Gonzalez*, ___F. Supp. 3d___, Case No. 25-mj-1562 GBW, 2025 WL 1404848, at *2 (D.N.M. May 14, 2025) (noting that while "the jurisdictional prerequisites to the [50 U.S.C. § 797] crime—military property with a security regulation—may be legally intricate, the crime simply outlaws trespass on property administered by the military"). In addition, the maximum sentences carried by both charges—one-year imprisonment for violation of 50 U.S.C. § 797 and six-months imprisonment for violation of 18 U.S.C. § 1382—are not lengthy. *See* 50 U.S.C. § 797 (imposing up to one-year imprisonment); 18 U.S.C. § 1382 (imposing "not more than six months" imprisonment); *see also United States v. Escobedo-Molina*, ___F. Supp. 3d___, No. 2:25-cr-01430-MIS, 2025 WL 1918035, at *10 (D.N.M. July 11, 2025). The Court finds that these charges does not rise to the level of severity as would warrant a dismissal without prejudice and this factor thus weighs in favor of dismissal with prejudice. *See Koerber*, 813 F.3d at 1275 ("When a court determines the offense committed by the defendant is serious, this factor weighs in favor of dismissing without prejudice." (internal quotation marks and citation omitted)); *cf. Rushin*, 642 F.3d at 1308 (reviewing defendant's claim of ineffective assistance of counsel based on his

attorney's failure to move to dismiss on Speedy Trial Act grounds, noting the defendant's charges—"six robberies with a firearm over the course of six days resulting in thirteen counts of criminal misconduct"—were "quite serious" and stating, "with a degree of confidence, that the district court would have abused its discretion in dismissing the indictment other than without prejudice"); *Abdush-Shakur*, 465 F.3d at 462-63 (holding the district court did not err by dismissing the indictment without prejudice, noting the charged offense—attempted murder—"is a serious offense").

### B. The Circumstances Leading to Dismissal Weigh in Favor of Dismissal with Prejudice

"In determining whether the facts and circumstances warrant dismissal with prejudice we focus on the culpability of the conduct that led to the delay." *Koerber*, 813 F.3d at 1277 (internal quotation marks and citation omitted); *see id.* ("[W]e are mindful that Congress mandated courts to consider 'the facts and circumstances of the case *which led to the dismissal*,' not just the facts and circumstances which led to delay (quoting 18 U.S.C. § 3162(a)(2))). "[A] large part of the responsibility for bringing a defendant to trial within the statutory period" rests with the Government. *See id.* at 1280 (internal quotation marks and citation omitted).

Based on the record circumstances of this particular case, it is clear that the Government has done little to bring this case to trial. From the date the Information in this case was filed, the Government has acted only to respond to the Court's show cause Order. ECF No. 13. The Government's general lack of interest in this case's prosecution is evidenced further by its Response agreeing with the Court that dismissal of the Information with prejudice is appropriate. *See id.* The Government has not once moved for a continuance that could credit time against the Speedy Trial Act clock and it seemingly has not attempted to ensure Defendant's ability to attend trial on Counts 2 and 3. *See* ECF No. 8 (severing counts in light of Defendant's immigration

detainer and the Government's indication "that it intends to immediately remove or deport Defendant from the Country"). As such, the Court concludes that the Government's inaction is part of a "pattern of neglect" that resulted in the failure to bring this matter to a timely trial. *See Koerber*, 813 F.3d at 1278 (affirming the district court's consideration of the government's failure to prepare and submit on request by the magistrate judge "at least two ends-of-justice orders resulting in the lapse of 70 unexcluded days" as part of the government's "pattern of neglect" (cleaned up)); *cf. United States v. Toombs*, 713 F.3d 1273, 1280 (10th Cir. 2013) (concluding the culpability of the delaying conduct did not exhibit a pattern of intentional delay or neglect by the government despite its two motions to continue in order to locate and bring to trial a codefendant because the record indicates defendant "was at least partially responsible for the delay" when he filed "seven of the nine motions for continuance granted in the case").

Culpable conduct by the defendant that is attributable to "the failure to meet the timely trial schedule" are pertinent to the Court's inquiry on the circumstances contributing to the dismissal of the case. *Koerber*, 813 F.3d at 1283 (internal quotation marks and citation omitted). However, unlike the circumstances in *Taylor* where the defendant contributed to violation of the Speedy Trial Act by failing to appear at his trial when he absconded to another State and was recaptured months later, this Defendant will likely be removed from the United States by means of the deportation processes and laws of this Country. *Cf. Taylor*, 487 U.S. at 328, 340 (explaining the defendant's failure to appear at trial was culpable conduct bearing on the circumstances that led to the dismissal that weighs "heavily in favor of permitting reprosecution"); *see United States v. Munoz-Garcia*, 455 F. Supp. 3d 915, 920 (D. Ariz. 2020) (finding defendant's removal compromised her rights under the Speedy Trial Act and noting that "the reason for her absence is removal by the government" which does not constitute excludable grounds for delay under § 3161(h)). The Court

finds that these circumstances which led to the dismissal of Defendant's Information weigh in favor of dismissal with prejudice.

**C.    The Impact from Reprosecution Weighs in Favor of Dismissal with Prejudice**

Finally, dismissal with prejudice here serves the administration of the Speedy Trial Act and the administration of justice. "When evaluating this factor, a court should consider . . . whether the delay caused by the government was intentional and the prejudice suffered by the defendant from the Act's violation." *Toombs*, 713 F.3d at 1281. The Government has been passive; it has not moved for an ends-of-justice continuance to exclude time from the Speedy Trial Act's time limitation and, despite opportunity to assert otherwise, it has agreed with this Court's suggestion that dismissal with prejudice is appropriate. ECF No. 13.

Although the length of delay is not substantial here, the Court is hard pressed to find that it was "unintentional." *Cf. Toombs*, 713 F.3d at 1281 (affirming the district court's conclusions that the 350 non-excludable days were substantial and that the resulting delay was "unintentional" and concluding that although these circumstances "suggest[] a need for case management better attuned to the Speedy Trial Act . . . given the serious nature of the charged offenses and [defendant's] failure to establish that the delay was a result of intentional dilatory conduct or a pattern or neglect" the district court did not abuse its discretion in dismissing without prejudice the indictment (internal quotation marks and citation omitted)). The impact on reprosecution would likely prejudice the Defendant who, due to the deportation and removal laws of the United States, potentially may never be able to stand trial on these charges. *See Munoz-Garcia*, 455 F. Supp. 3d at 920-21 (rejecting the government's argument that defendant's removal to Mexico occurred with her consent to negate the suggestion of prejudice to defendant and concluding that counsel's

inability to assist the defendant is the "result of the Government's decision to remove Defendant following the Magistrate Judge's release order, rather than Defendant's own volitional act").

The Court concludes that dismissal with prejudice of the remaining count is appropriate in this case.

## IV.    CONCLUSION

For the foregoing reasons, Counts 2 and 3 of the Information are **DISMISSED WITH PREJUDICE**.

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE